IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**TRACY RANGE**                                                                                       **PLAINTIFF**

**V.**                          **CASE NO. 3:19-CV-00241 DPM-JTK**

**ANDREW SAUL,**
**Commissioner of Social Security Administration**[1]                    **DEFENDANT**

**RECOMMENDED DISPOSITION**

**I.   Procedures for filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Chief District Judge D. P. Marshall, Jr. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.   Introduction:**

Plaintiff, Tracy Range ("Range"), applied for disability benefits on August 26, 2016, alleging disability beginning on February 19, 2015. (Tr. at 13). After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application. (Tr. at 25). The Appeals Council denied her request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Range has requested judicial review.

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

For the reasons stated below, this Court should affirm the decision of the Commissioner.

**III.   The Commissioner's Decision:**

The ALJ found that Range had not engaged in substantial gainful activity since the alleged onset date of February 19, 2015. (Tr. at 16). The ALJ found, at Step Two of the sequential five-step analysis, that Range had the following severe impairments: degenerative disc disease, idiopathic peripheral neuropathy, obesity, hypertension, fibromyalgia, undifferentiated connective tissue disease, anxiety, and depression. *Id*.

At Step Three, the ALJ determined that Range's impairments did not meet or equal a listed impairment. *Id*. Before proceeding to Step Four, the ALJ determined that Range had the residual functional capacity ("RFC") to perform light work with restrictions: 1) she could occasionally stoop, kneel, crouch, crawl, and reach overhead with bilateral upper extremities; 2) she could perform simple tasks learned in 30 days or less that require little independent judgment; and 3) she could tolerate occasional changes in a routine work setting with interpersonal contact incidental to the work performed. (Tr. at 18).

The ALJ found that Range was unable to perform any past relevant work. (Tr. at 23). Next, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, considering Range's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that she could perform. (Tr. at 24). Therefore, the ALJ found that Range was not disabled. *Id*.

**IV.   Discussion:**

   A.   Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence"

in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

    B.   Range's Arguments on Appeal

Range argues that substantial evidence does not support the ALJ's decision to deny benefits. She contends that the ALJ did not properly develop the record and that the RFC did not incorporate her limitations.

Range, who was obese throughout the relevant time-period, suffered from chronic back pain. An October 2015 lumbar MRI showed mild disc bulge without stenosis. (Tr. at 455-456). Lumbar MRIs from 2017 and 2018 showed minor degenerative disc disease and facet arthropathy. (Tr. at 706-707, 770-771). Upon clinical examination, Range had some tenderness and decreased range of motion in her back, but on March 9, 2016, she had negative straight-leg raises. (Tr. at 429). She routinely had no sensory or motor deficits, and on May 31, 2016, her doctor noted that she got onto the exam table without difficulty. (Tr. at 587). In January and April 2016, Range said she had no back tenderness, and in October 2016 she had normal range of motion in all extremities. (Tr. at 599-625).

Range underwent physical therapy for her pain. She told her therapist that she was able to walk around a track, and on June 7, 2016, she said her back pain was much better. (Tr. at 505-

3

507). Range said that medication helped, and her pain management doctor told her to taper off narcotics. (Tr. at 430, 584). He also noted excellent response to medial branch blocks. (Tr. at 593).

Range was routinely urged to lose weight and exercise. (Tr. at 429, 689). She was also told to quit smoking. (Tr. at 689). She admitted to poor eating habits. (Tr. at 584-587). Range said she was virtually bedridden and could hardly do any activities of daily living, which conflicts with the doctors' counsel against bed rest, and with her ability to walk around a track. (Tr. at 382, 689). No doctor placed any work restrictions on Range and she did not require aggressive treatment. Physical therapy and branch blocks worked.

While she complained of fatigue and pain from lupus, lupus was never confirmed as a diagnosis, and her rheumatologist noted that medication was helping Range. (Tr. at 739, 777).

A claimant's RFC represents the most she can do despite the combined effects of all of her credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of her impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). The ALJ considered mild objective findings, positive response to treatment, and lack of formal restrictions or aggressive treatment. He also considered that Range's complaints of pain were outsized compared to the benign medical record. He considered the state-agency expert opinions, which provided for sedentary work, but determined that an RFC for light work was appropriate. There is no requirement that an RFC finding be supported by a specific medical opinion. *See Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016)(affirming RFC without medical opinion evidence); *Perks v Astrue*, 687 F.3d 1086, 1092-1093 (8th Cir. 2012).

The RFC fully incorporated all credible limitations evident in the record as a whole.

Likewise, the ALJ made his decision off a fully developed record. An ALJ does have a basic duty to develop a reasonably complete record. *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994). However, it is well-settled that a Plaintiff has the burden of proving her disability; the ALJ does not have to play counsel for the Plaintiff. *Id.* The ALJ is required to recontact a treating or consulting physician or order further testing only if the medical records presented do not provide sufficient evidence to make a decision on disability. *Martise v. Astrue*, 641 F.3d 909, 926-7 (8th Cir. 2011). The record here was not in conflict. And the ALJ gave Range's attorney three weeks post-hearing to submit any supplemental evidence, in case the record was incomplete. Further record development was not required by the ALJ.

## V. Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The record was fully developed and he assigned an appropriate RFC. The finding that Range was not disabled within the meaning of the Social Security Act, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 2nd day of March, 2020.

_____
UNITED STATES MAGISTRATE JUDGE